UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____X

Christine Henry

                      **Plaintiff**

-against-

Professional Bureau of Collections
of Maryland, Inc.
                      **Defendant**
_____X

Docket No.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Unlawful Debt Collection Practices

**TRIAL BY JURY DEMANDED**

Plaintiff, by her attorney Joseph Mauro, complaining of the Defendant respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1. The Plaintiff is suing the Defendant debt collector because the Defendant continued to call the Plaintiff on her cellular phone despite the Plaintiff informing the Defendant that she did not want to receive such calls on her cellular phone. The Defendant also failed to provide Plaintiff with the notices required by federal law.

2. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices; as well as for violations of common law.

3.    According to 15 U.S.C. 1692:

(a)    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**. (emphasis added)

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

5. Plaintiff, Christine Henry is a natural person residing in Suffolk County, New York. Plaintiff is a consumer as defined by the FDCPA.

6. Defendant is a debt collection company engaged in the business of collecting debts in this state. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

### IV.  FACTUAL ALLEGATIONS

8. Plaintiff repeats paragraphs "1" through "7" as if fully restated herein.

9. The Defendant alleges that the Plaintiff owes a consumer debt (the debt).  ("the debt" or "the alleged debt") The alleged debt of Plaintiff is a "debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was for the purchase of personal services and no part of the alleged debt was incurred for business related items or services.

10. At some point unknown to Plaintiff, Defendant alleges to have acquired the legal right to collect the alleged debt.  Plaintiff has had no business relationship with Defendant and is not aware of any documents establishing Defendant's alleged right to attempt to collect the alleged debt.

11. Within one year of filing this complaint the Defendant telephoned the Plaintiff on her cellular phone. The Plaintiff carries her cellular phone with her while at work.  The Plaintiff informed the Defendant that it was inconvenient for the Plaintiff to receive such calls on her cellular phone and directed the Defendant not to call her on her cellular phone.

12. Despite the Plaintiff's request not to be called on her cellular phone the Defendant continued to call the Plaintiff on her cellular phone.

13. While speaking to the Plaintiff, the Defendant demanded to know the Plaintiff's employer. The Plaintiff refused to provide such information, at which point the Defendant

informed the Plaintiff that they were marking the Plaintiff's file as "refusal to cooperate." The Defendant then abruptly hung up on the Plaintiff.

14. While leaving a message on the Plaintiff's cellular phone voice mail, the Defendant did not leave the notice required by 15 USC 1692e(11). The Defendant failed to note that they were a debt collector. The Defendant deprived the Plaintiff of Plaintiff's right to receive the notices required by the statute.

## V.  CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

16. Defendant's actions as described herein violated the following provisions of 15 U.S.C Section 1692e(11); 15 U.S.C. 1692d; and 15 USC 1692c(a).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, for the following:

A. Actual damages

B. Statutory damages

C. Costs and reasonable attorney's fees pursuant to the FDCPA;

D. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Joseph Mauro (JM: 8295)
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

/s/ JOSEPH MAURO
Joseph Mauro